UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT McBRIDE,<br><br>        Plaintiff,<br><br>      v.<br><br>C&C APARTMENT MANAGEMENT; LUIS TORRESS; GEORGE BRENTON; IVO KELLOG; SEPTIMUS BAILEY,<br><br>        Defendants. | 21-CV-2989 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

  Plaintiff Robert McBride, proceeding *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State Human Rights Law. Plaintiff has also filed an application for the Court to request *pro bono* counsel. By order dated May 11, 2021, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

  The Court directs service on Defendants. C&C Apartment Management, Luis Torress, George Brenton, Ivo Kellog, and Septimus Bailey. For the reasons discussed below, the Court denies without prejudice Plaintiff's application for the Court to request *pro bono* counsel.

## DISCUSSION

**A. Application for the Court to Request *Pro Bono* Counsel**

  The factors to be considered in ruling on an indigent plaintiff's application for the Court to request *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Id.*

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

**B.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served Defendants until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve Defendants with the complaint until 90 days after the date that summonses are issued. If the complaint is not served on Defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for Defendants. The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect upon Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. The Clerk of Court is respectfully directed to terminate the motion pending at docket number three (3).

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants, (2) complete USM-285 forms with the service addresses for the defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 24, 2021
        New York, New York

_____
RONNIE ABRAMS
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. C&C Apartment Management
   1735 Park Avenue, Suite 300
   New York, New York 10035

2. Luis Torress, Superintendent
   1735 Park Avenue, Suite 300
   New York, New York 10035

3. George Brenton, Assistant Superintendent
   1735 Park Avenue, Suite 300
   New York, New York 10035

4. Septimus Bailey
   1735 Park Avenue, Suite 300
   New York, New York 10035

5. Ivo Kellog, Property Manager
   15 Dunham Place
   Brooklyn, New York 11249