USDC-SDNY
DOCUMENT
ELECTRONICALLY
FILED
DOC#:
DATE FILED: 10/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT MCBRIDE,

                 Plaintiff,

        v.                                                                      No.   21-CV-2989 (RA)

C&C APARTMENT MANAGEMENT LLC;                       ORDER
LUIS TORRESS; GEORGE BRENTION; IVO
KELLOG; SEPTIMUS BAILEY,

                 Defendants.

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Robert McBride, proceeding *pro se* and *in forma pauperis*, initiated this action on April 7, 2021, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and state law.

    On May 24, 2021, the Court directed service on Defendants through the U.S. Marshals Service and extended the time for Plaintiff to serve Defendants with the Complaint until 90 days after the date that summonses were issued. Specifically, the Court directed the Clerk of Court to "complete USM-285 forms with the service addresses for the defendants, and . . . deliver all documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service." In that same Order, the Court also directed Plaintiff to request an extension of time for service if the Complaint had not been served on Defendants within that time. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Dkt. 6.

    Summonses were issued for all defendants on May 25, 2021. Dkt. 7. However, Plaintiff did not file proof of service within 90 days of that date. On September 14, 2021, the Court ordered Plaintiff to either file proof of service or update the Court on the status of the case by October 14, 2021. Dkt. 10.

    On October 1, 2021, Plaintiff informed the Court that one Defendant, C&C Apartment Management, had been served with "the summons." Dkt. 11. On October 5, Plaintiff filed an affirmation

of service indicating that the superintendent of a building located at 721 DeKalb Avenue, Brooklyn, New York, 11216, had accepted an envelope addressed to C&C Apartment Management.  The affirmation did not specify the contents of the envelope; moreover, service had not been effectuated by the Marshals, but by a private individual.  Dkt. 12.  Additionally, the address of service does not correspond to the address of C&C Apartment Management that is listed on the summons and on the Court's May 24 Order of Service.

On October 12, 2021, in two separate filings, Plaintiff requested: (1) that the Court issue summonses for all Defendants; (2) an extension of time to serve Defendants; and (3) to amend the Complaint to update certain Defendants' work addresses for service.  Dkts. 13, 14.

The Court clarifies that (1) summonses were issued for all Defendants on May 25 and (2) because the Court directed service through the U.S. Marshals Service, Plaintiff need not personally serve any Defendant.  The Court has also been informed that the Marshals Service has unsuccessfully attempted service on Defendants using the addresses provided in the prior summonses and Order of Service.

Accordingly, the Court directs service on Defendants using the updated addresses appended to this Order.  The Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant at these updated addresses.  The Clerk of Court is further instructed to issue summonses for the defendants at these updated addresses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants at these updated addresses.

The Court extends the time to serve Defendants with the Complaint until 90 days after the summonses are issued.  It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made.  If the Complaint has not been served on Defendants within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If, within 90 days of issuance of the summonses, Plaintiff has not made service or requested an extension

of time in which to do so, the Court may dismiss this action for failure to prosecute.

    The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   October 13, 2021
             New York, New York

                                                Ronnie Abrams
                                                United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. C&C Apartment Management
   721 DeKalb Avenue
   Brooklyn, NY 11216

2. Luis Torress
   7 Blue Slip, Apt. 1G
   Brooklyn, NY 11222

3. George Brenton
   33 Eagle Street, Apt. 1G
   Brooklyn, NY 11222

4. Septimus Bailey, Porter
   5 Blue Slip
   Brooklyn, NY 11222

5. Ivo Kellog, Property Manager
   15 Dunham Place
   Brooklyn, NY 11249